IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JASON W. PERKINS**                                                                                          **PLAINTIFF**

**v.**                                                                                                 **No. 1:05CV291-D-B**

**JAIL ADMINISTRATOR PATRICK BELL**                                                        **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Jason W. Perkins, challenging the conditions of his confinement in the Lowndes County Adult Detention Center under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed the instant complaint . The plaintiff alleges that the cell in which he is housed is dirty, the shower moldy, the food tray hole unsanitary, and the bathroom area smelly. He seeks a reprimand for the jail staff, a complete restructuring of the jail administration, and money damages. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### General Conditions

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S.

825, 832 (1994)). Based upon a review of the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the instant claims do not rise to the level of a constitutional violation. The plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time. *See Woods*, 51 F.3d at 581. Nor has he alleged injury. As such, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.

      A final judgment consistent with this memorandum opinion shall issue today.

      **SO ORDERED,** this the 1st day of December, 2005.

                                          /s/ Glen H. Davidson
                                          CHIEF JUDGE